**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) |  MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to<br>Case No. 2:18-3489-RMG** |

      Before the Court is New Jersey American Water Company, Inc.'s motion to amend the complaint. (Dkt. No. 521.) For the reasons set forth below, the motion is granted.

**I.    Background**

      New Jersey American Water Company, Inc. ("NJAW") brought this lawsuit in November 2018 seeking damages, contribution and reimbursement for costs it has incurred to remediate the presence of Polyfluoroalkyl substances and other hazardous chemicals allegedly produced by defendants and found in the public water supply systems owned and operated by NJAW in New Jersey. The complaint was directly filed in these multidistrict litigation proceedings and asserts six causes of action: strict liability for abnormally dangerous activity; strict liability for failure to warn; strict liability for defective design; negligence; private nuisance; and public nuisance. (2:18-cv-3489-RMG, Dkt. No. 1.) NJAW now seeks to amend the complaint to name seven additional defendants alleged to be corporations related to the original defendants: E.I. DuPont De Nemours and Co.; Corteva, Inc.; DuPont de Nemours Inc.; The Chemours Company; The Chemours Company, FC, LLC; Dyneon LLC; and Kidde-Fenwal, Inc. NJAW W seeks to add these defendants to the six original causes of action. It also seeks to

allege a seventh cause of action for violation of the New Jersey Uniform Fraudulent Transfer Act by the Du Pont defendants only, and an eighth cause of action under the New Jersey Spill Compensation and Control Act as to all defendants.

NJAW moves pursuant to Case Management Order No. 3 and No. 3C, which, respectively, provide that the Court will consider a motion to amend for good cause on the basis of newly discovered evidence and impose the deadline to add a new party with which the plaintiff has entered into a tolling agreement.

## II.     Legal Standard

After the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

## III.    Discussion

Having carefully reviewed the proposed amended complaint and considered the basis for its allegations, the Court finds that the permissive standard imposed by Rule 15(a) allows for amendment in these circumstances. There is no indication that amending would prejudice the current defendants, which do not object to NJAW motion (2:18-mn-2873, Dkt. No. 521 at n.1), in that the claims against the additional defendants are "premised on the same type of alleged

conduct against the original defendants." *Campbell Alliance Grp., Inc. v. Dandekar*, No. 5:13-cv-00415-FL, 2013 WL 12144048, at *3 (E.D.N.C. Dec. 23, 2013) (granting Rule 15(a)(2) motion to amend to name additional defendants); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend."). There is similarly no reasonable basis to conclude NJAW seeks to amend in bad faith or that the claims against the additional defendants would necessarily fail on a motion to dismiss. Accordingly, leave to amend is warranted.

**IV.     Conclusion**

For the foregoing reasons, New Jersey American Water Company, Inc.'s motion to amend (Dkt. No. 521) is **GRANTED** and it is directed to promptly file the amended complaint.

AND IT IS SO ORDERED.

    s/ Richard Mark Gergel\
Richard Mark Gergel\
United States District Judge

March 20, 2020\
Charleston, South Carolina

3